UNION CARBIDE CHEMS. & PLASTICS TECH. CORP. and Union Carbide Corp., Plaintiff, Counter–Defendant

v.

SHELL OIL CO., Shell Chemical Co., and CRI Catalyst Co., Defendants, Counter–Plaintiffs.

Shell Oil Co., Plaintiff,

v.

Union Carbide Chems. & Plastics Tech. Corp. and Union Carbide Corp., Defendants.

Nos. 99–CV–274, 99–846.

United States District Court, D. Delaware.

July 8, 2003.

Jeffrey B. Bove, Esquire of Connolly, Bove, Lodge & Hutz, Wilmington, Delaware. Counsel for plaintiff, counter-defen-

dant. Of counsel: Harry J. Roper, Esquire, Raymond N. Nimrod, Esquire and Aaron A. Barlow, Esquire of Roper & Quigg, Chicago Illinois; Steven J. Glassman, Esquire, Benjamin C. Hsing, Esquire and Kimberley D. Branch, Esquire of Kaye, Scholer, Fierman, Hays & Handler, New York, New York; and Bruce Kanuch, Esquire of The Dow Chemical Company, Midland, Michigan.

Allen M. Terrell, Jr., Esquire and Jeffrey L. Moyer, Esquire of Richards, Layton & Finger, Wilmington, Delaware. Counsel for defendant, counter-plaintiff. Of Counsel: William Slusser, Esquire of Slusser & Frost, Houston, Texas and John D. Norris, Esquire of Howrey, Simon, Arnold & White, Houston, Texas.

## MEMORANDUM OPINION

SUE L. ROBINSON, Chief Judge.

## I. INTRODUCTION

On May 3, 1999, plaintiff Union Carbide Chemicals & Plastics Technology Corporation filed this action against defendants Shell Oil Company, Shell Chemical Company, and CRI Catalyst Company, alleging infringement of three United States patents owned by plaintiff.[1] (D.I.1) In early 2001, the case was tried to a jury who found in favor of defendants on the issues of infringement and invalidity. The case was subsequently appealed and, in November 2002, the United States Court of Appeals for the Federal Circuit affirmed in part and reversed in part the judgment and remanded the case for further proceedings. Presently before the court are various motions based on the Federal Circuit's decision. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

For the reasons that follow, plaintiff's motion for summary judgment that claim 4 of the '243 is not indefinite or non-enabled

(D.I.392) is denied; plaintiff's motion to dismiss defendants' counterclaims of invalidity for the '343 and '481 patents (D.I.395) is granted; plaintiff's motion for JMOL of non-obviousness of claim 4 of the '243 patent (D.I.398) is denied; plaintiff's motion to strike defendants' new expert reports and new test data (D.I.453) is granted; defendants' motion for JMOL of non-infringement of the '243 patent (D.I.388) is denied; defendants' motion for summary judgment that the '243 patent is anticipated (D.I.401) is denied; and defendants' cross-motion for summary judgment that claim 4 of the '243 patent is indefinite (D.I.420) is denied.

## II. BACKGROUND

Between January 22, 2001 and February 9, 2001, the court held twelve days of jury trial on the issues. After two and one-half days of deliberations, the jury found that defendants did not infringe any claims of the patents in suit and that each of the asserted claims was invalid. The jury also answered willful infringement and damages interrogatories, checking "No" for all three willful infringement questions and finding $ 0.00 in damages based upon a 0% royalty.

On post-trial motions, the court concluded that there was a legally sufficient evidentiary basis for a reasonable jury to have found that defendants did not infringe the claims at issue but that there was no legally sufficient evidentiary basis for a reasonable jury to have found the same claims to be invalid. Therefore, the court granted plaintiff's renewed JMOL motions regarding validity. The court also granted plaintiff's motions for a new trial on the remaining validity issues but instead of conducting a new trial on those issues, the court entered judgment in favor

1. U.S. Patent Nos. 4,908,343 ("the '343 patent"); U.S. Patent No. 4,916,243 ("the '243 patent"); and U.S. Patent No. 5,057,481 ("the '481 patent").

of plaintiff on the issues for which it did not make a pre-verdict JMOL motion. The court also set aside the jury's findings to the extent that they answered the interrogatories relating to willful infringement and damages, since the jury was instructed to answer those questions only upon a finding of infringement. Finally, the court concluded that defendants waived any inequitable conduct defense they attempted to make at trial and denied their motion for attorneys' fees.

The case was subsequently appealed to the United States Court of Appeals for the Federal Circuit and on November 18, 2002, the Federal Circuit reversed and remanded the jury's verdict of non-infringement of the '243 patent based on an improper claim construction. (D.I.375) The Federal Circuit also reversed this court's grant of JMOL in favor of plaintiff that the '243 patent was not invalid as indefinite, obvious, or not enabled. With respect to the '343 and '481 patents, the Federal Circuit reversed this court's grant of JMOL in favor of plaintiff on enablement and obviousness. It affirmed in all other aspects. The remaining issues are scheduled for trial on October 20, 2003.

## III. DISCUSSION

### A. Plaintiff's Motion for Summary Judgment That Claim 4 of the '243 is Not Indefinite or Non–Enabled

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

On appeal, the Federal Circuit reversed this court's grant of JMOL in favor of plaintiff that the '243 patent was not invalid without reaching the merits of the court's conclusions since the court's claim construction was reversed. Plaintiff now argues that the Federal Circuit's new claim construction does not affect the court's previous analysis of the invalidity issues and the court should enter summary judgment on these issues in plaintiff's fa-

vor as it previously did on JMOL. Defendants argue that the Federal Circuit's claim construction does change this court's invalidity analysis and, under the new framework, a judgment of invalidity for indefiniteness and non-enablement is improper.

The court concludes that summary judgment at this stage of the case would be improper. The Federal Circuit declined to enter judgment as to this issue on appeal and, absent an extraordinarily clear record, which does not describe this case, the court will proceed to trial on these issues.

### B. Plaintiff's motion to dismiss defendants' counterclaims of invalidity for the '343 and '481 patents

■ Following the Federal Circuit's affirmance of the jury's verdict of non-infringement of the '343 and '481 patent, plaintiff filed a "Statement of Non–Liability," which is essentially a covenant not to sue defendants on the '343 and '481 patents. As such, it argues that there is no longer a case or controversy related to these patents and defendants' counterclaims with respect to these patents should be dismissed. Defendants argue that plaintiff's "statement" does not exempt all past and present catalysts manufactured by Shell and, therefore, does not remove the case or controversy surrounding the '343 and '481 patents.

The court concludes that the statement filed by plaintiff adequately protects defendants from future litigation based on the '343 and '481 patents against the products in suit in the present case. Therefore, plaintiff's motion to dismiss the counterclaims is granted.

### C. Plaintiff's motion for JMOL of non-obviousness of claim 4 of the '243 patent

■ In its motion, plaintiff reiterates the arguments made in its previous motion seeking JMOL that the '243 patent is not invalid on enablement and indefiniteness grounds. Again it argues that the Federal Circuit's new claim construction does not affect the court's previous analysis of the invalidity issues and the court should enter summary judgment in Union Carbide's favor as it previously did on JMOL.

Defendants again argue that the Federal Circuit's claim construction does change this court's invalidity analysis and, under the new framework, summary judgment of non-obviousness is improper and a new trial is warranted. For the reasons discussed above with respect to plaintiff's motion for summary judgment that claim 4 of the '243 is not indefinite or non-enabled, the court declines to enter judgment on this issue and will proceed to trial.

### D. Plaintiff's motion to strike defendants' new expert reports and new test data

This case has had a long and contentious procedural history. In the initial case, fact discovery closed on July 28, 2000. The parties then exchanged expert reports on August 25, 2000 in which each side's expert provided a proposed claim construction. The only claim at issue with respect to the '243 patent was claim 4 which depended on claim 1. Both parties' experts proffered a contrary construction to the phrase "characterized by the efficiency equation." The parties exchanged rebuttal reports on September 15, 2000 and, on October 13, 2000, expert discovery closed. On October 23, 2000, the parties filed their opening briefs in support of their respective claim constructions, including the phrase "characterized by the efficiency equation." On January 16, 2001, the court adopted the construction of the phrase consistent with that proffered by defendants. On November 18, 2002, the Federal Circuit reversed this court's claim construction of the

phrase "characterized by the efficiency equation" and adopted the construction proffered by plaintiff in the first instance. The Federal Circuit subsequently vacated the jury's determination of non-infringement of the '243 patent and remanded the case for proceedings under the modified claim construction.

On remand, the court entered a scheduling order setting the deadline for filing dispositive motions for February 14, 2003, and setting a new trial date for October 20, 2003. Defendants have subsequently submitted eight new expert reports, including four from new experts, as well as additional testing data not provided during the first trial, purportedly addressing the new claim construction adopted by the Federal Circuit.

■ Plaintiff argues that it would be severely prejudiced if these reports were allowed in and, furthermore, substantial additional discovery would be needed. Plaintiff also argues that the claim construction adopted by the Federal Circuit was proposed during discovery of the first trial and each party had the opportunity to, and did, address it adequately then. Therefore, no new reports or data are warranted or needed for defendant to adequately defend itself.

Defendants argue that they just want a level playing field. When the Federal Circuit changed the court's claim construction, it changed the rules of the game and defendants should be entitled to submit evidence on new defenses it now has as a result of the new claim construction. It argues that it will be prejudiced if the materials are not admitted.

Upon reviewing the record, the court agrees with plaintiff. Both parties' experts submitted their proposed claim constructions in August 2000. Therefore, defendants were on notice of plaintiff's proposed construction of the phrase "characterized by the efficiency equation"

and had the opportunity to prepare for the fact that the court may adopt plaintiff's construction. In fact, in its rebuttal reports, defendants addressed plaintiff's proposed construction and were able to prepare for the fact that the court may adopt that construction. Defendants now, with the benefit of hindsight and the Federal Circuit's ruling, want to completely reopen discovery on the issue and start over. The court concludes that this exercise is improper. Defendants had adequate opportunity during the first trial to conduct discovery based on plaintiff's proposed construction and are not prejudiced by being precluded from introducing its voluminous new discovery at this stage. Despite its assertion, defendants are not entitled on remand to reopen discovery. Therefore, plaintiff's motion to strike is granted.

### E. Defendants' motion for JMOL of non-infringement of the '243 patent

■ Defendants argue that a new trial on infringement of the '243 patent is unnecessary since plaintiff failed to present any evidence at trial that defendants' accused products satisfied the third limitation of claim 4 of the '243 patent requiring catalyst testing using "the same ethylene oxide production system." Since plaintiff did not appeal the court's claim construction on this term and the Federal Circuit did not modify it in any way, JMOL of non-infringement is appropriate.

Plaintiff argues that this issue should be resolved under the doctrine of law of the case. The court previously ruled against defendants on this issue and the court need not resolve the issue again. Furthermore, plaintiff argues that even though the Federal Circuit did not expressly rule on this issue, its mandate for a new trial implicitly decided the issue by remanding

the case for a new trial despite defendants' arguments that the jury verdict should stand because plaintiff failed to prove the third limitation was present in the accused product at trial. Plaintiff also disputes defendants' assertion that the merits have already been decided.

Given the fact that the Federal Circuit declined to enter judgment on this issue and based on the record presented, the court concludes there are triable issues of fact and, therefore, declines to enter judgment at this time.

### F. Defendants' motion for summary judgment that the '243 patent is anticipated

Defendants argue that under the Federal Circuit's revised claim construction, the '243 patent is anticipated under § 102(a) and (e) in light of the Belgian Mross '045 patent and the Mross '772 patent. Plaintiff raises a host of arguments why summary judgment on the issue is improper and at the least a genuine issue of material fact exists. Upon reviewing the record, the court agrees with plaintiff that genuine issues of material fact exist and, therefore, defendants' motion is denied and the parties shall proceed to trial on the issue.

### G. Defendants' cross-motion for summary judgment that claim 4 of the '243 patent is indefinite

In this motion, defendants incorporate their arguments from their brief in opposition to plaintiff's motion for summary judgment that the claims of the '243 patent are not-indefinite. For the same reasons plaintiff's motion was denied, the court shall deny defendants' cross-motion.

## IV. CONCLUSION

For the reasons stated, plaintiff's motion for summary judgment that claim 4 of the '243 is not indefinite or non-enabled (D.I.392) is denied; plaintiff's motion to dismiss defendants' counterclaims of invalidity for the '343 and '481 patents (D.I.395) is granted; plaintiff's motion for JMOL of non-obviousness of claim 4 of the '243 patent (D.I.398) is denied; plaintiff's motion to strike defendants' new expert reports and new test data (D.I.453) is granted; defendants' motion for JMOL of non-infringement of the '243 patent (D.I.388) is denied; defendants' motion for summary judgment that the '243 patent is anticipated (D.I.401) is denied; and defendants' cross-motion for summary judgment that claim 4 of the '243 patent is indefinite (D.I.420) is denied. An appropriate order shall issue.